IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN A. VALLAIR, III | § | |
| VS. | § | CIVIL ACTION NO. 1:04cv761 |
| WILLIAM W. SEIGMAN | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner John A. Vallair, III, an inmate at the Coffield Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court heretofore referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b).

The magistrate judge recommends dismissal based on petitioner's failure to exhaust state habeas remedies prior to

filing this petition. Petitioner asserts that he sought redress through the state agency's administrative grievance procedure; however, petitioner claims he was denied a response. After careful consideration, the court concludes petitioner's objections are without merit.

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp.2004). Under Texas law, it appears that although the decision to parole is within the sound discretion of the Texas Board of Pardons and Paroles, complaints regarding the denial of constitutional or statutory rights in consideration of parole may be raised by way of writ of habeas corpus under article 11.07. *See Ex parte Geiken*, 28 S.W.3d 553, 556-57 (Tex.Crim.App. 2000).

The claims raised by petitioner in this federal petition have not been properly exhausted in state court. 28 U.S.C. § 2254(b)(1)(A); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir.1998). Nor has petitioner demonstrated that there is no available corrective process in state court or that there are circumstances that render such process ineffective. 28 U.S.C. §

2254(b)(1)(B); *Alexander*, 163 F.3d at 509. Accordingly, petitioner must first pursue his claims by way of state application for writ of habeas corpus. Only after state habeas corpus proceedings are concluded may he challenge the denial of parole by way of federal petition pursuant to 28 U.S.C. § 2254.

Further, petitioner's claims are without merit. Texas law does not create a liberty interest in parole which is protected by the due process clause. *Allison v. Kyle*, 66 F.3d 71 (5th Cir.1995); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir.1995), citing *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.), *cert. denied*, 501 U.S. 1210, 111 S.Ct. 2809, 115 L.Ed.2d 982 (1991). In *Allison*, the Court held that because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of the procedural devices attendant to parole decisions. Accordingly, petitioner's grounds should be denied.

O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **8** day of **December, 2005.**

_____
Ron Clark, United States District Judge